UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov


In re:                                                    Case No: 15-13836-LMI
Armando Garcia
SS# xxx-xx-5139                                           Chapter 13
Debtor.
_____/


**RESPONSE IN OPPOSITION TO JOSE LUIS RIVAS' MOTION FOR DETERMINATION
THAT NO STAY IS IN EFFECT OR FOR RELIEF FROM STAY *NUNC PRO TUNC* TO
PETITION FILING DATE AND FOR PROSPECTIVE RELIEF**


        COMES NOW, the Debtor, Armando Garcia, by and through undersigned counsel does hereby respond to Juan Luis Rivas' ("Rivas") Motion for Determination that No Stay is in Effect or For Relief From Stay *Nunc Pro Tunc* to Petition Filing Date and For Prospective Relief [DE# 11] and would state as follows:


1.  Debtor was a Defendant in a foreclosure action in Miami-Dade County Court (Case No. 2012-18113-CA-01).  A foreclosure auction was scheduled for March 2, 2015.


2.  Debtor filed for protection under the Bankruptcy Code on March 2, 2015.


3.  The Miami-Dade County Clerk of Court filed the Certificate of Sale on March 5, 2015.


4.  A sale is not complete under Florida Law until a certificate of sale is filed.  See In re Reid, 200 B.R. 265, S.D. Fla. 1996 "in Florida, a residence is sold at a foreclosure sale within the meaning of Section 1322(c)(1) at the time the certificate of sale is filed by the clerk of the state court;" In re Clarke, 373 BR 769, S.D. Fla 2006, "Under Florida law, a homeowner's right of redemption is terminated on the "later of the filing of a certificate of sale by the Clerk of the Court or the time specified in the judgment, order or decree of foreclosure ..." (citing Fla. Stat. § 45.0315);  In re Fothergill, 293 B.R. 263 S.D. Fla 2006, "in Florida, a residence is sold within the meaning of Section 1322(c)(1) at the time that the certificate of sale is filed by the clerk of the state court." (citing In re Jarr 186 BR 148, 154);  JRBL Development, Inc. v. Maiello, 872 So.2d 362 Fla. 2d. DCA 2004, "Thus, the right of redemption

extends until the later of the filing of a certificate of sale by the clerk or the time specified in the final judgment;" In re Lee-Jones, 2008 WL 5567804, M.D. Fla 2008, (foreclosure auction held on Jan. 8, 2008; Bankruptcy Petition filed at 1:37 p.m. on Jan 8, 2008; Certificate of Sale filed at 3:44 p.m. on Jan. 8, 2008. Bankruptcy court upheld the automatic stay.

5. The automatic stay of 11 USC 362 was in effect in this before the Certificate of Sale was filed. As such, the foreclosure "sale" is void as it is in violation of the automatic stay.

6. Upon being served with Rivas' Motion, the undersigned provided the above-referenced case law to Rivas' counsel in an attempt to resolve this issue without a hearing.

7. Debtor's counsel has incurred attorney's fees in the amount of $400.00 for the work associated with responding to Rivas' Motion.

8. Rivas' counsel failed to comply with Local Rule 9075-1(b) by failing to certify in her motion that she made a bona fide effort to resolve this matter without a hearing.


WHEREFORE, the Debtor respectfully requests this Court:

1. Enter an Order denying Rivas' Motion.

2. Order that Rivas be required to pay Debtor's attorney's fees incurred in responding to Rivas' Motion.

3. Any other relief the Court may deem just and proper.


*I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1 (A).*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have served a copy of the foregoing by first class mail or by CM/ECF electronic filing upon the parties on the attached list on this day.

Dated: 3/16/2015                                            Respectfully submitted,

                                                             /s/ Gabriel Gonzalez
                                                            Gabriel Gonzalez, Esq. FBN 41088
                                                            Attorney for Debtor
                                                            9000 Sheridan Street #95
                                                            Pembroke Pines, FL 33024
                                                            Tel: 954-378-8184
                                                            Fax: 305-873-8679
                                                            gabriel@gtlawyers.com

```
Label Matrix for local noticing        Nationstar Mortgage                 Office of the US Trustee
113C-1                                  8950 Cypress Waters Blvd.           51 S.W. 1st Ave.
Case 15-13836-LMI                       Coppell TX 75019                    Suite 1204
Southern District of Florida                                                Miami, FL 33130-1614
Miami
Mon Mar 16 12:08:36 EDT 2015

Armando Garcia                          Gabriel Gonzalez                    Jose Luis Rivas, Trustee
13050 SW 265 St                         9000 Sheridan St                    c/o D. Jean Ryan, Esq.
Homestead, FL 33032-7818                Suite 105                           8500 SW 92 Street
                                        Pembroke Pines, FL 33024-8805       Suite 202
                                                                            Miami, FL 33156-7379


Nancy K. Neidich
www.ch13herkert.com
POB 279806
Miramar, FL 33027-9806




          The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.



(u)Miami                                End of Label Matrix
                                        Mailable recipients      6
                                        Bypassed recipients      1
                                        Total                    7
```